UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Case No. 25-cv-02079-LJC

GREAT AMERICAN INSURANCE COMPANY,

Plaintiff,

v.

THE WEITZ COMPANY, LLC,

Defendant.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO MAKE LIMITED MODIFICATIONS TO CERTAIN STATEMENTS OF FACT OR LAW IN ORDER GRANTING MOTION TO COMPEL ARBITRATION**

Re: Dkt. No. 34

Before the Court is Plaintiff Great American Insurance Company's "Motion to Make Limited Modifications to Certain Statements of Fact or Law in Order Granting Motion to Compel Arbitration [Docket #31] [*Not* a Motion for Reconsideration of the Decision]." ECF No. 34. The matter is fully briefed and suitable for decision without oral argument. Civil L.R. 7-1(b). Having considered the papers submitted by the parties and the relevant legal authority, the Court hereby GRANTS IN PART Plaintiff's motion. An Amended Order granting the motion to compel arbitration will be issued forthwith.

I.    **BACKGROUND**

The Court assumes the parties' familiarity with the overall factual and procedural history of this case and summarizes only the recent procedural developments. Defendant The Weitz Company, LLC, previously moved to compel arbitration. ECF No. 11. Determining that the parties had a valid agreement to arbitrate and that the arbitration agreement encompassed the dispute at issue, the Court granted Defendant's motion to compel arbitration. ECF No. 31 (the Prior Order). Plaintiff then moved to make limited modifications to the Prior Order, arguing that

the Court had improperly addressed the merits of the underlying claims sent to arbitration.  ECF No. 34.  Plaintiff does not challenge the Court's decision to send this case to arbitration or its reasoning in reaching that decision.  *Id.* at 3.

Plaintiff requests that the Court make three changes to its Prior Order.  First, it requests that the Court add a footnote to the "Background" section of its order stating:

> All findings of fact, conclusions of law and/or contract interpretation herein are limited to the purpose of ordering the parties to arbitrate and staying the court action. The statements of fact, findings of fact and conclusions of law herein are not binding on the arbitrator(s), who shall retain the exclusive authority to decide issues of fact and law pertaining to all other issues pursuant to the parties' arbitration agreement.

*Id.* at 7.  Second, Plaintiff requests that the Court delete the following sentence at page 6:24-25 of the Prior Order: "The Enso Agreement memorialized that when the performance bond was issued, the penal sum was set at $7,358,386.52. *Id.* at 155." *Id.*  Lastly, Plaintiff requests that the Court delete the following sentences at page 16:2-7 of the Prior Order:

> The penal sum is equal to the Subcontract Sum. Compl. at 89. While the Subcontract Sum and thus the penal sum were initially set at $7,358.386.52, when the scope or cost of CES's work increased, the penal sum was automatically adjusted to match it. Weitz contends that determining the penal sum necessarily depends on the scope of work covered by the Subcontract. The Court agrees …

*Id.* at 6-7.

## II.    LEGAL STANDARD

Plaintiff requests that the Court make the above alterations pursuant to the Court's inherent authority to modify an interlocutory order or pursuant to Federal Rule of Civil Procedure 60.  *Id.* at 11-12.  Defendant argues that Plaintiff's motion "is effectively a motion for reconsideration" under Federal Rules of Civil Procedure 60(b) or 59, or the Court's inherent authority.

"The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  The Ninth Circuit has "consistently interpreted Rule 60(a) to allow a district court to correct" orders "so long as those corrections are limited to clarification of matters intended to be implied or subsumed by the original judgment, rather than a change of course or a modification to the intended legal effect of a judgment."  *Garamendi v. Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012).

United States District Court
Northern District of California

United States District Court
Northern District of California

The key question is if modifications to an order "change the operative, substantive terms of the original" order or judgment. *Id.* at 1080; *see Belyea v. GreenSky, Inc.*, No. 20-cv-01693-JSC, 2025 WL 1507093, at \*2 (N.D. Cal. May 27, 2025) ("Whereas a motion for clarification invite[s] interpretation ... for the guidance of the parties, a motion for reconsideration…asks the Court to alter or amend the judgment through a substantive change of mind by the court.").

Plaintiff here does not request that the Court reverse its decision and find that there is no agreement to arbitrate, nor does it challenge the Court's determination that the three claims in the Complaint are covered by the arbitration provision or its rationale in finding that the claims are covered. Instead, it requests that the Court make three modifications to the Prior Order to ensure that determining the merits of the three claims in the Complaint be left to the arbitrator. The Court, in its Prior Order, intended to resolve only whether the parties had a valid agreement to arbitrate and if the claims in the Complaint were covered by the agreement to arbitrate. *See* ECF No. 31 at 8. It did not—nor could it have—reached the merits of Plaintiff's claims, which are properly left to the arbitrator. *See Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (explaining that a court resolving a motion to compel arbitration is "limited to determining" if a valid agreement to arbitrate exists and if "the agreement encompasses the dispute at issue"); *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986) ("[I] n deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims."). Because Plaintiff here seeks non-substantive modifications consistent with the intent of the Court's Prior Order and the requested modifications seek to clarify the extent of the Court's ruling, rather than alter its outcome or reasoning, the Court construes Plaintiff's instant request as a motion for clarification and correction pursuant to Rule 60(a), rather than a motion for reconsideration pursuant to Rule 60(b).

### III.    ANALYSIS

In its Prior Order, as part of its analysis to determine if the arbitration agreement in the Subcontract and incorporated into the Performance Bond encompassed Plaintiff's claims, the Court addressed the scope of, and issues raised by, each claim. ECF No. 31 at 15-16. Plaintiff

3

United States District Court
Northern District of California

now argues that, in discussing the scope of Count Two, the Court's Prior Order overstepped and improperly reached the merits of the claim.

Great American's Count Two seeks a declaratory judgment that "pursuant to the terms of the Enso Agreement and the Performance Bond, that the maximum amount of the 'penal sum' of the Enso Performance Bond is $7,358,386.52, and that the penal sum of the Enso Performance Bond (less any payments made by [Great American] to Weitz under the Enso Agreement) is the maximum amount that [Great American] can be held liable to Weitz under the Enso Performance Bond." Compl. ¶ 53.

The Performance Bond states: "By virtue of this Performance Bond (the 'Bond'), the Subcontractor [CES] as Principal and Great American Insurance Company as Surety … are bound to the Contractor [Weitz] as Obligee in the maximum amount of … $7,358,386.52 (the 'Bond Sum')." ECF No. 20-1 at 142. The Performance Bond also provides: "Subcontractor and Surety expressly acknowledge that any and all provisions contained in the Subcontract or implied by law including without limitation those relating to consequential, delay or liquidated damages, and warranty, are expressly covered by, incorporated in, and made a part of this bond." *Id.* at 143. In turn, the Subcontract, at Exhibit D § 2.2, required CES to obtain payment and performance bonds to guarantee its work. "Such bonds shall provide for penal sums equal to the Subcontract Sum. The penal sums on all Subcontractor bonds shall be automatically adjusted by any modifications. Subcontractor's surety [Great American] waives all requirements for notice of modifications." ECF No. 20-2 at 81. Plaintiff alleges that the Enso Agreement, a separate agreement Weitz and Great American entered into after CES defaulted, states "Whereas, on or about April 30, 2021, [Great American] issued its Subcontract Performance Bond, No. 3705068 (the 'Performance Bond') with a penal sum in the amount … $7,358,386.52 (the 'Penal Sum')." Compl. at 155.

Considering these terms together, in its Prior Order compelling arbitration, the Court reasoned that because the Subcontract provided that the penal sum of the performance bond CES was required to obtain "shall be automatically adjusted by any modifications" to, presumably, the scope of CES's work under the Subcontract, determining the maximum amount of the penal sum could turn on the scope of CES's work under the Subcontract. ECF No. 31 at 15-16. In light of

4

United States District Court
Northern District of California

the instruction that any "doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," the Court found that Plaintiff's Count Two was covered by the arbitration provision. *Id.* at 16; *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983).[1]

As Plaintiff argues in the instant motion, the Court's Prior Order addressed this issue in more definitive terms. *See* ECF No. 34 at 8. In relevant part, the Prior Order reads:

> The penal sum is equal to the Subcontract Sum. Compl. at 89. While the Subcontract Sum and thus the penal sum were initially set at $7,358,386.52, when the scope or cost of CES's work increased, the penal sum was automatically adjusted to match it. Weitz contends that determining the penal sum necessarily depends on the scope of work covered by the Subcontract. ECF No. 23 at 12. The Court agrees, and finds that Great American's second claim against Weitz is covered by the arbitration provision.

ECF No. 31 at 16:2-8. This analysis arguably creates an ambiguity. One the one hand, the Prior Order established that the Court was only determining if there was a valid agreement to arbitrate and if the agreement covered Plaintiff's claims, without reaching the merits of those claims. On the other hand, the statement that the "penal sum was automatically adjusted to match" the Subcontract Sum "when the scope or cost of CES's work increased" implies a finding that the penal sum exceeded $7,358,386.52. Such a determination would improperly address the merits of Plaintiff's Count Two and contravene the Court's own directive that its order would only resolve the two threshold issues: (1) if there was a valid agreement to arbitrate, and (2) if the agreement covered the claims at issue. The Court neither intended to determine that the penal sum exceeded $7,358,386.52 nor needed to do so to reach its conclusion that Count Two was covered by the arbitration agreement. *See AT & T*, 475 U.S. at 650 ("[W]here the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that [a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.") (quotations omitted).

---

[1] The Court separately determined that, "to the extent that [Count Two] arises out of a dispute over the terms of the performance bond (which, again, is part of the Subcontract Documents), the claim is covered by the arbitration agreement." ECF No. 31 at 15.

To resolve this ambiguity, and consistent with the intent of the Prior Order to let the arbitrator address the merits of Plaintiff's claims, the Court will issue an amended order replacing the four sentences above with the following:

> Exhibit D, § 2.2 of the Subcontract requires CES to obtain a performance bond from a surety, and provides that such bond "shall provide for penal sums equal to the Subcontract Sum. The penal sums on all Subcontractor bonds shall be automatically adjusted by any modifications." ECF No. 20-2 at 81. The performance bond provides that CES as principal and Great American as surety "are bound to the Contractor [Weitz] as Obligee in the maximum amount of…$7,358,386.52." ECF No. 20-1 at 142. Weitz contends that determining the penal sum thus necessarily depends on the scope of work covered by the Subcontract. ECF No. 23 at 12. Based on the language of § 2.2, determining the amount of the penal sum may require resolving disputed issues regarding the scope of the Subcontract. The Court accordingly finds that Great American's second claim against Weitz is covered by the arbitration provision.

Plaintiff also requests that the Court delete the sentence at page 6 of the Prior Order that reads: "The Enso Agreement memorialized that when the performance bond was issued, the penal sum was set at $7,358,386.52." ECF No. 34 at 2. The Court declines to do so but will amend the sentence to read: "As alleged in the Complaint, the Enso Agreement memorialized that when the performance bond was issued, the penal sum was set at $7,358,386.52."

The Amended Order will be issued forthwith. Notwithstanding the Amended Order's language that "Great American and Weitz shall have thirty days from the date of this Order to mutually select an independent arbitrator," the issuance of the Amended Order shall not affect the parties' selection of Benjamin Trachtman as arbitrator. This case will remain stayed pending completion of arbitration.

**IT IS SO ORDERED.**

Dated: February 6, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

6